Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Tampa Division

| | |
|---|---|
| William R Carter Sr. | Case No. 8:25 cv 99 KKM-SPF |
| Plaintiff(s) | (to be filled in by the Clerk's Office) |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: (check one) ✔ Yes ☐ No |
| -v- | |
| DRJ Venice LLC DBA Jenkins Chevrolet of Venice | |
| Defendant(s) | JAN 14 2025 PM 1:33 FILED - USDC - FLMD - TPA |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | William R Carter Sr |
   | Street Address | 8466 Lockwood Ridge Rd Suite 130 |
   | City and County | Sarasota, Sarasota |
   | State and Zip Code | Florida, 34243 |
   | Telephone Number | 941-445-1371 |
   | E-mail Address | Kingcarterenterpriseinc@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

TRA-71599
$405.00

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: DRJ Venice LLC DBA Jenkins Chevrolet of Venice
- Job or Title (if known):
- Street Address: 2025 SW College Rd
- City and County: Ocala, Marion
- State and Zip Code: Florida, 34471
- Telephone Number: 352-779-7175
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question     [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Truth In Lending Act (TILA) 15 USC 1635 & 1601, Equal Credit Opportunity Act (ECOA) 15 USC 1691a(3), Federal Trade Commission (FTC) Regulations, Discrimination, Federal Arbitration Act (FAA), Unfair & Deceptive Practices Act, Fair Credit Reporting Act (FCRA) 15 USC 1681b, Civil Rights Act of 1964, Due Process Clause, Equal Protection Clause, Magnuson-Moss Warranty Act

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* William R Carter Sr., is a citizen of the State of *(name)* Florida.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.     If the defendant is a corporation

The defendant, *(name)* DRJ Venice LLC DBA Jenkins Chevrolet, is incorporated under the laws of the State of *(name)* Florida, and has its principal place of business in the State of *(name)* Florida.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

1. $115,900 in actual damages for financial harm, inflated vehicle pricing, emotional distress, and creditworthiness damage.
2. $125,000 in punitive damages to punish and deter the Defendant's willful and malicious misconduct.
3. The value of the requested 2024 Z71 Chevrolet Tahoe and the payoff of the Dodge Durango lien further contribute to the amount at stake.

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See ATTACHMENT

### IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See ATTACHMENT

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff

Printed Name of Plaintiff    William R Carter Sr.

#### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**Statement of Claim          ATTACHMENT**

1. On or about March 21st, 2024, Plaintiff & son completed the credit application process online at different times with Defendant Jenkins Chevrolet of Venice to purchase a vehicle. It was recently discovered that there was another application created March 23rd, 2024 that plaintiff or son did not create themselves.

2. Plaintiff and Defendant engaged in discussions via text and phone calls about vehicle options, the Plaintiff's preference not to pay a down payment, the selection of specific finance companies to limit credit inquiries, and the use of a co-signer.

3. Despite Plaintiff's high credit scores (high 700s and mid-600s), Defendant denied Plaintiff's application for a Chevrolet Z71 Tahoe, citing the lack of a down payment.

4. Defendant proposed an alternative vehicle, a 2022 Dodge Durango, providing images and pricing documents. It was later discovered that the price had been inflated by approximately $6,000, excluding additional costs such as GAP insurance and warranties.

5. On March 26, 2024, Plaintiff visited Defendant's dealership and experienced discriminatory treatment, including the failure to honor Plaintiff's written request to use certain finance companies to pull consumer reports.

6. Despite providing all requested information, including proof of insurance for the 2022 Dodge Durango, Plaintiff was forced to leave the dealership without a vehicle due to the insistence on a down payment and statements that "the banks weren't budging".

7. Approximately 20 minutes after leaving, Plaintiff received a call from Sandeep, a representative of Defendant, apologizing for the treatment and asking Plaintiff to return to finalize the deal.

8. Upon returning, Plaintiff was rushed through the transaction process, with an older gentleman instructing Plaintiff to "sign here" throughout the process without disclosing critical terms, including arbitration and rescission rights, or that we could take the contract home to read it.

9. Plaintiff was instructed to sign an Auto Bond document without being informed of cost but that it had been added to the vehicle prior.

10. On December 19, 2024, Plaintiff contacted Defendant to request copies of the transaction documents. Defendant, through its representative Nick, provided partial documents that lacked Plaintiff's signatures and instructed Plaintiff to sign the provided documents, claiming they "were the important ones".

11. Plaintiff requested the correct copies of all documents, but Nick stated that the digital deal jacket would need to be retrieved and asked Plaintiff to call back the following week.

12. On December 24, 2024, Plaintiff received a call from Ken Wesenberg, who scheduled a meeting for December 26, 2024.

13. At the meeting, Plaintiff was subjected to further discriminatory treatment, including being taken through a stairwell while Mr. Wesenberg used an elevator, and experiencing dismissive and condescending behavior during the conversation. There is a record of Jenkins Chevrolet having faced legal action in the past related to discrimination.

14. On December 30, 2024, Plaintiff was contacted by Defendant's counsel, Mark Ornstein, who denied Plaintiff's claims and reminded Plaintiff of the arbitration clause in the contract in an intimidating manner.

**Relief Sought**

1. Actual Damages

The Plaintiff seeks $115,900 in actual damages, including:

- $26,000 for the inflated vehicle price and deceptive practices.
- $66,600 for emotional distress, mental anguish, & dehumanization, caused by discriminatory treatment.
- $23,300 for financial harm due to undisclosed charges and unnecessary credit inquiries hurting my creditworthiness.

2. Punitive Damages

The Plaintiff requests $125,000 in punitive damages to punish and deter the Defendant's willful malicious misconduct, including discriminatory practices and failure to disclose material contract terms.

3. Injunctive Relief

The Plaintiff asks the Court to require the Defendant to implement transparent business practices and provide clear disclosures of all contractual terms.

4. Additional Relief

The Plaintiff requests the Court to order the Defendant to provide a 2024 Z71 Chevrolet Tahoe as part of the relief, as well as pay off Dodge Durango making it free and clear of any and all liens. Also, all court & travel fees.

Ongoing Wrongs:

The Defendant's failure to provide complete transaction documents continues to harm the Plaintiff by preventing a full understanding of the contractual obligations.

**The Amount in Controversy**

- $115,900 in actual damages for financial harm, inflated vehicle pricing, emotional distress, and creditworthiness damage.
- $125,000 in punitive damages to punish and deter the Defendant's willful and malicious misconduct.
- The value of the requested 2024 Z71 Chevrolet Tahoe and the payoff of the Dodge Durango lien further contribute to the amount at stake.

William R Carter Sr. _[signature]_

8466 Lockwood Ridge Rd Suite 130 Sarasota, FL 34243        (941) 445-1371

# AFFIDAVIT OF TRUTH

**William Carter**
8466 Lockwood Ridge Rd Suite 130
Sarasota, FL 34243
Kingcarterenterprisinc@gmail.com
941-445-1371
12/20/2024

**To:**
GM Financial
801 Cherry Street Suite 3500
Fort Worth, TX 76102

Jenkins Chevrolet
2324 S Tamiami Trail
Venice, Fl 34293

**Subject:** Formal Complaint Regarding Violations of Public Policy, Consumer Protection Laws, FTC, TILA, FDCPA, FCRA and Florida State Law

Dear GM Financial and Jenkins Chevrolet,

I am writing to formally address and demand resolution regarding multiple violations of my rights under federal and state law, public policy, and consumer protection statutes, which I have identified in connection with my vehicle contract and dealings with your companies.

Upon reviewing my contract and the circumstances surrounding this transaction, I have identified the following serious legal violations and unconscionable practices that must be addressed immediately:

## Violations of My Rights and Applicable Laws

1. **Unlawful Arbitration Provision:**
   The arbitration clause in my contract unlawfully seeks to strip me of my statutory and federal rights, including my **right to sue** and my **right to a fair trial by jury**, in direct violation of public policy. The Federal Arbitration Act (FAA) does not permit provisions that coerce consumers into waiving such fundamental rights without genuine consent. In order to obtain my vehicle I had no choice but to agree to this because I was in need due to having a pregnant partner quickly approaching her due date, and I was taken advantage of.
2. **Truth in Lending Act (TILA) Violations:**

- My **right to rescind** the transaction under TILA was not disclosed to me, violating my rights as outlined in **15 U.S.C. § 1635**.
- TILA also mandates that the **finance charge must include the sum of all charges,** yet I was coerced into paying **additional fees** that were neither transparent nor reasonable. This lack of clear disclosure and oppressive fees (such as a $999 "predelivery service fee") breaches the statute's intent to ensure transparency and fairness. Also when getting my vehicle serviced for the first time at Jenkins just 3 month after purchase, I was told that during the service they saw I needed a "fuel induction service". When I called to ask why did I have to pay to get that done if it was a previous problem the lady told me that the vehicle was sold as is and that they didn't handle servicing to vehicles that were not Chevrolet vehicles. Also that since it's a Dodge it's not a certified vehicle for them to fix it. How can I be coerced into paying $999 for "predelivery service fee" when the vehicle wasn't serviced or delivered to me? This also violates **State Lemon Laws** for not disclosing known defects or prior damage. Because Upon having my vehicle serviced by Jenkins they easily found prior damage that they wanted me to pay for but did not disclose it to me before, during, or after the sell.

3. **Unfair and Deceptive Practices**:
   - I was forced to agree to terms and conditions that were excessively unfair and oppressive because I needed a vehicle. This practice, commonly referred to as a "take-it-or-leave-it" contract, is a violation of **Federal Trade Commission (FTC) regulations** under the **Unfair and Deceptive Practices Act.**
   - The deceptive and non-fully disclosed fees, including a $299 charge for "Auto Bond," which I did not request, are deceptive and potentially fraudulent. I was told that they put it on the vehicle previously and to sign a paper, but wasn't told I was being charged for something I didn't request. I also question whether these services were applied at all, as the vehicle required significant cleaning and servicing shortly after purchase. Not to mention the unfair practice of them giving me 3 different tires and when I requested for 4 of the same tires I was denied.
   - On Dec. 19th I went online in my GM Financial account to look for my signed documents but could not find them. Then called Jenkins Chevrolet and was told to come in to obtain documentation. Unfortunately, I was provided with partial documentation without any signatures which is also a deceptive practice. On the contract I was given it clearly states in the "Notice To Buyer: You are entitled to an exact copy of the contract you sign. Keep it to protect your legal rights." But I was not provided an exact copy. I called back multiple times to speak with Nick who provided the first copies but never got ahold of him until the next day. I told him that I didn't receive all the documents and that they didn't have signatures on them, he then suggested that "I can just sign the papers he gave to me". Once I continued to tell him that I needed the exact copies of all documents he told me to call next week because he will have to go into the "digital deal jacket" to obtain the documents but they may be the same documents.
   - Ther is also discrepancies in the price of the vehicle on the documents that was sent to me versus the price it was actually sold to me as. I have found that the price of the vehicle was jacked up approximately an extra $6,000 not including warranties, gap, auto bond, etc. That itself is deceptive, discriminatory, and very

- unfair. Even the pricing of the non-requested auto bond was different from the first documentation we received versus what we paid.
    o GM Financial has also taken away my ability to make online payments under my account which is one of the only ways to make a payment without additional fees which was verified by Rene over the phone. Using that unfair practice I am forced to pay additional fees to make a payment the same exact way just over the phone with a representative. I would be able to make more payments if that option wasn't taken away from me.
4. **Equal Credit Opportunity Act (ECOA) Violations:**
Under **15 U.S.C. § 1691a(3)**, I was discriminated against for exercising my right to avoid a down payment connected to a finance charge, which they were trying to force. As a result, my monthly payments were unfairly increased, and I was denied the vehicle I actually wanted—a Z71 Chevrolet Tahoe—even with a co-buyer based on deceptive practices that implied I could not qualify without a down payment.
5. **Florida State Law Violations:**
    o Selling me GAP insurance without proper licensing constitutes a **felony under Chapter 626** of Florida Statutes, which prohibits transacting insurance without appropriate authorization.
6. **Fair Debt Collection Practices Act (FDCPA) Violations:**
    o Dec. 11th I was told by Rene, a GM Financial representative, that there was a repossession process going on for my vehicle, which constitutes abusive and deceptive behavior (due to me feeling threatened by that comment to force me to make a payment which I was already trying to do) under **15 U.S.C. §1692d(1), 1692d(2), & 1692e(4)**. These threats have caused undue stress and anxiety, compounding the damages caused by your unfair practices. If my vehicle is ever repossessed that will be a clear violation under **15 U.S.C. § 1692c(a), 1692c(b), & 1692b(2)** by communicating with a third party that I owe a debt, and violating my privacy giving away my personal information such as address, name, vehicle description, etc. for a stranger to come and steal my vehicle ultimately causing me embarrassment, damaging my reputation, and causing me harm.
    o Communicating my private information or location to third parties in the event of repossession would constitute an additional violation of **FDCPA** protections.
    o Based on the laws and definition of creditor under **FDCPA** I am the original creditor.
    o **Florida Statute 501.976(11)** requires "all fees or charges permitted to be added to the cash price by rule **69V-50.001**, Florida Administrative Code, must be FULLY disclosed to customers in all binding contracts concerning the vehicle's selling price." I have not received an itemized breakdown of the predelivery service fee and don't really know what that mean or was done to the vehicle.
7. **Fair Credit Reporting Act (FCRA) Violations:** GM Financial pulled my consumer report without permissible purpose in violation with **15 USC 1681b**. I have text messages stating that I only wanted my report to be pulled by specific companies to keep my inquiries to a minimum. GM Financial was not on that list as well as Santander, Etc.

## Demands for Remedy

To resolve this matter amicably, I demand the following remedies within **10 days** of receipt of this letter:

1. Immediate transfer of the title to my 2022 Dodge Durango, free and clear of all liens or obligations.
2. A full refund of all payments made under the contract, including but not limited to the undisclosed and oppressive fees.
3. Delivery of a similar vehicle I was unfairly denied—a **2024 Z71 Chevrolet Tahoe**—at no additional cost.
4. Compensation for damages arising from your deceptive and unlawful practices, including emotional distress caused by threats of repossession and discrimination.
5. Report account as paid on time never late and paid off in good standing to credit reporting agencies.

I would like to personally thank Sandeep Singh for really assisting us in the completion of our sale. When my son and I first arrived we were not greeted, and treated poorly and unfairly dealing with Nick, which we felt we were being discriminated against due to our appearance. Once we realized that he was unwilling to get the deal done or complete the deal after multiple credit pulls, and runs to my bank for additional documentation, we proceeded to leave without even being able to see a vehicle. Shortly after, we received a call from Sandeep apologizing for how we were treated and handled and that if we were still interested in the vehicle to come in and he would finalize the process and get it done, after being there almost all day and not leaving until after 9pm. Also thank you to my salesperson Christopher.

## Next Steps

If I do not receive a satisfactory response or resolution within **10 days**, I will proceed with the following actions:

- Filing a formal complaint with the **Consumer Financial Protection Bureau (CFPB)**, the **Federal Trade Commission (FTC)**, and the **Florida Attorney General's Office**.
- Initiating a lawsuit in **federal court** to recover damages and enforce my rights under **TILA, FDCPA, ECOA, FCRA, FL Statutes, ETC.** I will pursue legal action against you to the fullest extent permitted by law.
- If this matter is escalated to the federal courts due to me filing a claim I will be requesting all documentary evidence in accordance with 15 USC 44 including the books of accounting which will prove that I am the actual creditor. Recorded phone calls with the GM representative threatening me with repossession, and Jenkins representative telling me that the vehicle was sold as is and how it is my responsibility to pay for any prior defects or damage that I did not know about. An itemized breakdown of the predelivery

service fee with documentation and proof it was done. As well as breakdown of all fees and actual cost of the vehicle before and after purchase. Proof that my salesperson is licensed to sell insurance. An itemized explanation of the predelivery service fee as required by **Florida Statute 501.976,** Explanation under oath as to why our before and after documents have different pricing for the same vehicle, products, and/or services from what I was given and more!

- This is a written affidavit and I am aware that and affidavit must be responded to with and affidavit. Addressing each and every claim and that if it's not, then it's considered to be uncontested and will ultimately cause a default judgement in my favor. I have all documentary evidence to prove everything that I have stated in my claim.

I hope this matter can be resolved without the need for legal escalation. Please contact me directly at 941-445-1371 or Kingcarenterpriseinc@gmail.com **in addition to** mail correspondence at 8466 Lockwood Ridge Rd Suite 130 Sarasota, Fl 34243 to confirm receipt of this letter and provide your response.

Thank you for your prompt attention to this matter.

Sincerely,
William Carter

## NOTARY ACKNOWLEDGEMENT

Executed this [20th] day of December, 2024

_____
Signature of document signer

State of __FLORIDA__ )

On __12/20/24__, before me, Fiona Khan Clarke, a Notary Public in and for said state, personally appeared __William Carter Sr.__, personally known to me (or proven to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf if which the person(s) acted, executed the Instrument.

WITNESS my hand and official seal.

Signature of Notary Public _____     (Notary Seal)

My Commission Expires __HH409226__

FIONA KHAN CLARKE
Notary Public - State of Florida
Commission # HH 409226
My Comm. Expires Jun 11, 2027
Bonded through National Notary Assn.

**William Carter**
8466 Lockwood Ridge Rd Suite 130
Sarasota, FL 34243
Kingcarterenterpriseinc@gmail.com
941-445-1371
12/30/2024

**TO:**

Jenkins Chevrolet
2324 S Tamiami Trail
Venice, Fl 34293


To Whom This May Concern:

I have previously written your company to formally address Violations of Public Policy, Consumer Protection Laws, FTC, TILA, FDCPA, FCRA and Florida State Law in connection with my transaction. I have attached a copy of the previous complaint which was mailed and addressed to Mr. Wesenberg and Mr. Singh. I received a called on Tuesday 12/24/24 from Mr. Wesenberg and we agreed for me to come in Thursday 12/26/24 at 10a to address my complaint. A copy was also sent to FTC, Attorney General, CFPB, etc. To my surprise I was yet again treated poorly and as if my concerns weren't taken seriously. I arrived about 10-15 minutes early and I went to the reception desk and told the lady I was there for a meeting and who I was there for. Shortly after, Mr. Wesenberg came to the reception desk and did not greet me but instead headed up the office. When Mr. Singh came out and greeted me, we proceeded to go into the stairwell to head to the meeting. I felt like we were back in the 1800's when "colored people" weren't allowed into businesses through the front entrance. It made me feel horrible and less than, that I wasn't given the same luxury to use the elevator as Mr. Wesenberg had. I truly feel as though if I weren't a person of color, that never would have happened, and that's very upsetting, and clearly discriminatory. Once in the meeting, I did appreciate Mr. Singh's initiative to come and sit across from me at the other end of the table. Mr. Wesenberg started to address the letter but instead of addressing the facts of the letter and how I was treated he tried to tell me my experience and poke holes in what the letter stated. He then told me that I do not have the right to rescind and that I wasn't given rescission forms because "they didn't have to' and that because I came into the store location to finance, that's also why I didn't have that right which was clearly untrue as stated by law. He was talking to me in a condescending way and very dismissive of the issue and violations. He also tried to tell me that I was denied my first vehicle of choice due to "not having enough income" which was a surprise to me because I never was asked to show any financial documents pertaining to my income including bank statements or anything else. How could he come to that conclusion when he wasn't present during the purchase? I'm sure that every document I provided is in my file and you will not find any income documentation. Did he just assume I didn't have enough income because I wanted to exercise my right and not pay a down payment? Also during the meeting he asked if I would be getting a lawyer and I said no.

When I said that it really made him become dismissive as if he wasn't going to move forward with the issues at hand. Once I realized that the meeting wasn't making any progress and he wasn't treating me fairly, I stood up, shook both of their hands and proceeded to the door and waited to be walked out. When Mr. Singh and myself went back to the stairwell to be walked out Mr. Wesenberg called him back up and I was left in the stairwell for minutes until I went back up to see why I was basically abandoned there by myself as if they wanted me to walk myself out, which I have a video of. When I went back up stairs to see why I was left there for so long and they heard the stairwell door open and close that's when they opened the office door and come back out for Mr. Singh to then finally walk me out but again down the stairs. I truly hope that these discriminatory and unfair practices can be taken seriously or I will be moving forward with my Federal lawsuit. These actions by your General Manager have now proven the willfulness of these violations and I will seek maximum penalties for all damages this have caused. I have already given 10 days for a sufficient response and will now be giving 5 more days to settle this matter. Thank you for your time and I look forward to hearing from you soon! Please feel free to reach me at the phone number or email above as well as a mailed response for me to have for my records if this becomes a legal matter.