UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM R. CARTER, SR.,

    Plaintiff,

v.                               Case No: 8:25-cv-99-KKM-SPF

DRJ VENICE LLC, *doing business as*
JENKINS CHEVROLET OF VENICE,

    Defendant.

_____

## ORDER

    William R. Carter, Sr., moves pro se for a preliminary injunction requiring GM Financial to refrain from selling Carter's Dodge Durango and to return it to him. (Doc. 9); *see also* (Docs. 10, 11). For the reasons below, that motion is denied.

## I.   BACKGROUND

    Carter filed this action against DRJ Venice, LLC, which operates a car dealership. Compl. (Doc. 1) at 1, 6. He alleges that in March 2024 he and his son sought to purchase a Chevrolet Tahoe Z71 from DRJ Venice without making a down payment. *Id.* at 6. DRJ Venice refused to sell him the Tahoe without a down payment but proposed a 2022 Dodge Durango as an alternative vehicle. *Id.* Initially, Carter and DRJ Venice were unable to close the transaction because "the banks [were not] budging." *Id.* But after Carter left the

dealership, a DRJ Venice representative called him and asked him to come back to close the deal. *Id.* at 7. When he did so, he says he "was rushed through the transaction process" and was told to " 'sign here' throughout the process without [the disclosure of] critical terms, including arbitration and rescission rights, or that [Carter] could take the contract home to read it." *Id.* He also claims he "was instructed to sign an [a]uto [b]ond document without being informed of the cost." *Id.*

In December 2024, Carter reached out to DRJ Venice to get copies of the documents related to his purchase of the Durango. *Id.* He says the documents that he received in response were incomplete and that they lacked his signature. *Id.* Carter sent DRJ Venice a demand letter sometime before Christmas Eve[1] alleging violation of various federal and state laws. *Id.* at 10–14. DRJ Venice invited Carter to meet to address his concerns. *Id.* at 7. Carter alleges that DRJ Venice subjected him to discriminatory treatment during this late-December meeting and ultimately did not resolve his concerns. *Id.* at 8.

Carter filed this action on January 14, 2025, alleging violations of the Truth in Lending Act, the Equal Credit Opportunity Act, the regulations of the Federal Trade Commission, the Federal Arbitration Act, the Florida Unfair and Deceptive Trade

---

[1] The complaint does not allege precisely when Carter sent the demand letter. The demand letter reflects that it was notarized on December 20, 2024. Compl. at 10–14. An undated follow-up letter, attached to the complaint, recounts that Ken Wesenberg reached out to Carter on Christmas Eve to invite him to come to DRJ Venice to "address [his] complaint," which Carter says was previously mailed. *Id.* at 15. This complaint was presumably the demand letter.

Practices Act, the Fair Credit Reporting Act, the Civil Rights Act of 1964, the Due Process Clause, the Equal Protection Clause, and the Magnuson-Moss Warranty Act. *Id.* at 3. He seeks $115,900 in actual damages, $125,000 in punitive damages, the value of a 2024 Chevrolet Tahoe Z71,[2] and the release of any liens on his Dodge Durango. *Id.* at 4.

Two days after Carter filed his complaint, his Durango was repossessed. (Doc. 9-1) at 1. He called GM Financial on January 18, 2025, and an agent told him that he could reclaim the vehicle "by paying $3,685." *Id.*  He says that he intended to do so, but when he called back on January 21, GM Financial told him that it would return the vehicle only if he paid the balance of his loan—$41,199.12. *Id.* at 2. A few days later, Carter received a notice from GM Financial informing him that it intended to sell his Durango after January 31, 2025. *Id.*; *see* (Doc. 9-2).

On January 27, 2025, Carter filed three successive motions for a preliminary injunction restraining GM Financial from selling his Durango and requiring it to return the vehicle to him. (Docs. 5, 6, 7.) This Court denied those motions for failure to comply with the Local Rules. (Doc. 8.)

Carter then filed this motion seeking the same relief.

---

[2] Elsewhere in his submissions, Carter asks the Court to order DRJ Venice to provide him the Tahoe itself. *Id.* at 9.

## II.   LEGAL STANDARD

To receive a preliminary injunction, a movant must establish (1) "a substantial likelihood of success on the merits;" (2) "irreparable injury" without an injunction; (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam); *accord Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009). Since a "preliminary injunction is an extraordinary and drastic remedy," a court is not to grant it "unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)). Accordingly, "[f]ailure to show any of the four factors is fatal." *Am. C.L. Union of Fla.*, 557 F.3d at 1198.

## III.   ANALYSIS

Before even reaching the four-step preliminary injunction inquiry, Carter's motion has a fundamental problem. GM Financial is not a party to this action. *See generally* Compl. "As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated." *United States v. Robinson*, 83 F.4th 868, 879 (11th Cir. 2023). Carter's motion must be denied on that basis alone.

Even if GM Financial were a party (and assuming that Carter alleged all the same claims against GM), Carter still has not shown that a preliminary injunction is appropriate. To start, he has not shown that he is likely to succeed on the merits. His motion contains no evidence supporting any of the claims in his complaint. *See generally* (Docs. 9, 10, 11). His affidavit addresses only the facts related to his vehicle's repossession, not his claims against DRJ Venice. *See* (Doc. 9-1). And his motion and memorandum of law include only conclusory assertions that he is likely to succeed, unsupported by caselaw. *See* (Doc. 9) at 3; (Doc. 10) at 3. In the absence of a showing of a likelihood of success on the merits, a preliminary injunction is inappropriate. *See Am. C.L. Union of Fla.*, 557 F.3d at 1228–30.

Carter also fails to show irreparable harm. He claims he will be irreparably harmed because (1) he will lose access to transportation in the absence of the Durango, (2) the bad faith actions of DRJ Venice and GM Financial cause him emotional distress, and (3) the repossession will cause him reputational harm. (Doc. 9) at 3–4; (Doc. 10) at 3. None of these alleged harms are irreparable. The loss of a car for a period of time is compensable through money damages. *See Horowitz v. Mercedes-Benz Fin. Servs. USA LLC*, No. 3:22-CV-119-MMH-PDB, 2022 WL 344632, at *1 & n.2 (M.D. Fla. Feb. 4, 2022) ("The inconvenience of not being able to drive his car to attend a board meeting or visit his children does not warrant the extraordinary relief of a temporary restraining order. Regardless, Plaintiff does not address why he would be unable to rent a car or use

5

public transportation to attend to his needs."). Injuries like emotional distress and reputational damage are also usually compensable through a monetary remedy, *see Berber v. Wells Fargo Bank, N.A.*, 760 F. App'x 684, 686–87 (11th Cir. 2019) (per curiam) (emotional distress); *Wood v. Netflix, Inc.*, No. 8:22-CV-2431-CEH-AAS, 2024 WL 4854316, at *2 (M.D. Fla. Nov. 21, 2024) (reputational harm), and Carter fails to explain why that is not the case here, *see* (Doc. 9) at 3–4; (Doc. 10) at 3. The lack of a showing of irreparable harm also requires the denial of Carter's motion.

## IV.    Conclusion

Accordingly, William R. Carter, Sr.'s Second Emergency Motion for Preliminary Injunction (Doc. 9) is **DENIED**.

**ORDERED** in Tampa, Florida, on January 30, 2025.

Kathryn Kimball Mizelle
United States District Judge