# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

WILLIAM R. CARTER, SR.,

Plaintiff,

v.

DRJ VENICE LLC d/b/a JENKINS CHEVROLET OF VENICE,

Defendant.

CASE NO.: 8:25cv99KKM-SPF

# AMENDED COMPLAINT/ STATEMENT OF CLAIM

I. INTRODUCTION

This lawsuit arises from fraudulent business practices, contract violations, racial discrimination, unfair & deceptive practices, and financial harm suffered by Plaintiff, William R. Carter, Sr., at the hands of Defendant, DRJ Venice LLC d/b/a Jenkins Chevrolet of Venice.

Plaintiff was subjected to:

- Forgery and Fraudulent Application Creation
- Fraudulent Retail Installment Sales Contract (RISC) with Forged "Adopted" Signatures

1

- Racial Discrimination and Disparate Treatment
- Deceptive and Unfair Business Practices
- Failure to Provide Complete and Accurate Transaction Documents
- Unlawful and Undisclosed Fees

Plaintiff seeks actual damages, punitive damages, statutory damages, injunctive relief, and other equitable remedies for the unlawful conduct by Defendant.

## II. PARTIES

1. Plaintiff: William R. Carter, Sr., an individual consumer residing in Sarasota, Florida.
2. Defendant: DRJ Venice LLC, d/b/a Jenkins Chevrolet of Venice, a Florida company engaged in automobile sales and financing.

## III. FACTUAL BACKGROUND

1. On or about March 21, 2024, Plaintiff initiated an application process online with Defendant to purchase a vehicle.
2. Plaintiff and Defendant engaged in discussions via text and phone calls about vehicle options, the Plaintiff's preference not to pay a down payment, the selection of specific finance companies to limit credit inquiries, and the use of a co-signer.

3. Despite Plaintiff's strong credit profiles (high 700s and mid-600s credit scores), Defendant denied the application for a Chevrolet Z71 Tahoe, falsely stating a down payment was required.

4. Instead, Defendant offered an alternative vehicle, a 2022 Dodge Durango, and fraudulently inflated its price by $6,000 (excluding additional costs like GAP insurance and warranties). Providing images and pricing documents.

5. Defendant also raised the buy rate due to racial discrimination, causing the APR to be significantly higher.

6. On March 26, 2024, Plaintiff visited the dealership, where plaintiff was subjected to discriminatory treatment, including, Failure to honor plaintiff's request to use specific finance companies.

7. After being forced to leave without a vehicle, despite providing all requested information including proof of insurance for the Dodge Durango. Due to lack of down payment and statements that the "banks weren't budging".

8. Approximately 20 minutes later Defendant's representative, Sandeep, called Plaintiff back, apologized, and urged him to return to finalize the transaction.

9. Upon returning, Plaintiff was rushed through the signing process, with an older gentleman instructing Plaintiff to "sign here" without fully disclosing what was being signed including the arbitration clause, the financing terms

such APR, payments, amount financed etc., the right to rescind the contract, or that Plaintiff could even take the contract home for review.

10. Plaintiff was coerced into signing an Auto Bond document without being informed of its cost, but was told it was put on the vehicle prior.

11. On December 19, 2024, Plaintiff contacted Defendant to request copies of the transaction documents.

12. Defendant, through its representative Nick, provided partial documents that lacked Plaintiff's signatures and instructed Plaintiff to sign the provided documents, claiming they "were the important ones".

13. Plaintiff requested the correct copies of all documents, but Nick stated that the digital deal jacket would need to be retrieved and asked Plaintiff to call back the following week.

14. On December 24, 2024, Plaintiff received a call from Ken Wesenberg, who scheduled a meeting for December 26, 2024.

15. At the meeting, Plaintiff was subjected to further discriminatory treatment, including being taken through a stairwell while Mr. Wesenberg used an elevator, and experiencing dismissive and condescending behavior during the conversation.

16. On December 30, 2024, Plaintiff was contacted by Defendant's counsel/registered agent, Mark Ornstein, who denied Plaintiff's claims and reminded Plaintiff of the arbitration clause in the contract in an intimidating manner.

Fraudulent Application and Forged RISC Document

17. When defendant's counsel filed a motion to dismiss they provided copies of the RISC, and buyer's order.

18. Upon review is when Plaintiff discovered that the documents sent to GM Financial was not created, signed, or authorized by plaintiff or plaintiff's son.

19. Upon additional research and investigation, Plaintiff also discovered that a fraudulent credit application was created on 3/23/24, containing forged "adopted" signatures as well. When the original credit applications were done 3/21/24 and 3/22/24 by plaintiff and son.

20. Additionally, the Retail Installment Sales Contract (RISC) was created on March 27, 2024, at 11:52 PM (stated at the bottom of the page), but was backdated to March 26, 2024 to create the illusion that Plaintiff signed it on the earlier date.

21. Plaintiff never signed, seen, read or authorized the RISC document and the Defendant Forged plaintiff and plaintiff's son's electronic signature to create a fraudulent contract that they had no knowledge of until recently.

22. On December 30, 2024, Defendant's registered agent, Mark Ornstein, attempted to intimidate Plaintiff by emphasizing the arbitration clause in an effort to prevent this legal action.

## IV. CAUSES OF ACTION (COUNTS)

### COUNT 1 – FORGERY AND FRAUDULENT APPLICATION (FLA. STAT. § 831.01)

- Defendant created a fraudulent credit application containing forged "adopted" signatures.
- Defendant fabricated a RISC document after the transaction, backdating it to March 26, 2024.
- Defendant forged plaintiff and plaintiff's son's signatures using adopted signatures to create and sign the retail installment sale contract that was never given, reviewed, or authorized by plaintiff or plaintiff's son the day after the transaction.
- This constitutes fraud, forgery, and misrepresentation under Federal and Florida law.

### COUNT 2 – VIOLATION OF THE TRUTH IN LENDING ACT (TILA) (15 U.S.C. § 1635 & 1601)

- Defendant failed to disclose Plaintiff's right to rescind the transaction.
- Defendant did not provide accurate finance charge, APR disclosures, as required by TILA.
- Defendant never provided the RISC to plaintiff during or after the transaction.

COUNT 3 – VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (ECOA) (15 U.S.C. § 1691)

- Defendant forced a co-signer despite having a credit score of high 700's.
- Defendant denied plaintiff a Z71 Chevrolet Tahoe due to down payment being required for that vehicle.
- Defendant's treatment of Plaintiff was influenced by racial discrimination.

COUNT 4 – VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) (15 U.S.C. § 1681b)

- Defendant had unauthorized companies pull Plaintiff's credit report without permissible purpose.

COUNT 5 – BREACH OF CONTRACT & FAILURE TO PROVIDE COMPLETE DOCUMENTATION

- Defendant failed to provide a full, signed contract, violating Plaintiff's legal rights.
- Defendant's manipulation of contract, and dates constitutes a breach of contract.

COUNT 6 – RACIAL DISCRIMINATION UNDER 42 U.S.C. § 1981

- Plaintiff was treated differently based off his nationality and appearance at Defendant's dealership.

- Defendant's discriminatory practices interfered with Plaintiff's ability to enter into and enforce contracts on equal terms.
- Plaintiff was ignored, looked over, and taken through a stairwell while others took the elevator making plaintiff feel inhuman.

## V. RELIEF SOUGHT

Plaintiff requests the following relief:

1. $263,523.71 in compensatory damages.
2. $500,000 in punitive damages.
3. $100,000 in statutory damages (treble damages) and legal damages.
4. $100 in nominal damages.
5. Total amount sought $863,623.71
6. Immediate correction of account reporting as paid off on consumer reports.
7. Delivery of a 2024 Z71 Chevrolet Tahoe at no cost lien free.
8. Full disclosure of all transaction records and contract documents.
9. Payment of all court costs and travel expenses.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all triable issues.

8466 Lockwood Ridge Rd Suite 130

Sarasota, Fl 34243

941-445-1371

Kingcarterenterpriseinc@gmail.com

Plaintiff William R Carter Sr.   _William R Carter Sr_   3/12/2025